# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL ALLAN MCCORMICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 5:16-cv-01404-RDP-TMP |
| v. | ) |
| | ) |
| COMMISSIONER JEFFERSON S. DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Magistrate Judge filed a report on March 21, 2018, recommending this action against defendants Gordy and Dunn be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 23). Plaintiff filed objections to the report and recommendation on March 29, 2018, and filed a motion for leave to amend the complaint on April 2, 2018. (Docs. 24 & 25). For the reasons that follow, Plaintiff's objections are **OVERRULED** and his motion for leave to amend the complaint is **DENIED**.

Initially, Plaintiff contends the Magistrate Judge's decision to construe Document 12 as an amended complaint is a "gross error of fact." (Doc. 24 at 6). He argues the document is a request for emergency relief that now is "moot" because the "need for an injunction has long passed." (*Id.* at 6). Even accepting Plaintiff's

assertion that the request, which is titled, "Notice of Retaliation of defendant Gordy" (doc. 12) is not an amended complaint, the Magistrate Judge correctly reported that the motion is moot.

**I. Objections (Doc. 24).**

Plaintiff objects to the dismissal of his access to the court claim, arguing that his initial complaint contains "sufficient factual matter"[1] to plausibly state an access to the courts claim. (Doc. 24 at 1). He also takes issue with the Magistrate Judge's report that he "must state the nature of his US Supreme Court claims in order to show actual injury" (*id.* at 5), arguing that the Supreme Court's rejection of his belated application for extension of time to file a petition for rehearing from the denial of his petition for writ of certiorari sufficiently supplies the "actual irreparable injury" required for his access to the courts claim (*id.* at 1). Plaintiff contends the claims he desired the Supreme Court to review "have absolutely NO bearing in the claims of denial of his access to court." (*Id.* at 5). He further asserts the Supreme Court only grants 1% of the certiorari petitions presented to it and a denial of a

---

[1] Plaintiff characterizes his allegations against defendant as follows: (1) "Gordy personally ordered the PC Unit locked locked down" for 2 weeks; (2) refused to provide him access to the prison's law library or legal assistance from the assigned PC and general population law clerks, and; as such, (3) caused the United States Supreme Court Clerk to reject his application for extension of time to file a certiorari petition as untimely filed. (Doc. 24 at 1, 4; *see also*, Docs. 1-1 and 1-2, *McCormick v. Alabama*, No. 15-8060, 136 S. Ct. 1666 (Mem) (Apr. 18, 2016)). He further argues that he alleged defendant Dunn "is the Rule and Policy maker for the entire State system" and has "exclusive duty to create and enforce all rules" in the system as well as the duty to supervise defendant Gordy. (*Id.* at 4).

petition for writ of certiorari is not a ruling on the merits. (*Id.*). Nonetheless, to satisfy the court's "curiosity," Plaintiff states the underlying "claim was fraud upon the Court where an attorney was implicated" and "[s]uch [a] claim was colorable for review and relief." (*Id.*). His proposed amended complaint does not mention the claim. (Doc. 25-1).

Plaintiff's objections are overruled. As the Magistrate Judge correctly reported, "the right [to meaningful access to the courts] is *ancillary* to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." (Doc. 23 at 9) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The Magistrate Judge also correctly reported that "[a] plaintiff must describe his predicate claims well enough to establish that they are 'nonfrivolous' and 'arguable' to a degree 'more than hope.'" *Harbury*, 536 U.S. at 416 (some internal quotation marks omitted).

Plaintiff has not presented sufficient facts to establish that his underlying (*i.e.*, predicate) claim of "fraud upon the Court where an attorney was implicated" is nonfrivolous or arguable to a degree more than hope. It is not even clear that the claim is the type protected by "the fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 346-348 (1996) ("[t]he tools *Bounds* requires to be provided are those that the inmates need in order to attack their sentences, directly or indirectly, and in order to

3

challenge the conditions of their confinement."). Additionally, as Plaintiff concedes the United States Supreme Court only hears about 1% of the petitions for writ of certiorari filed per year. The Court has already rejected his request for certiorari review. Even if Plaintiff had timely filed his request for extension of time to file an application for rehearing, there are no facts suggesting he had any hope of success. Finally, it is apparent that lesser courts had previously rejected the claim, casting more doubt on whether the claim was nonfrivolous or arguable to a degree more than hope.

The remainder of Plaintiff's objections relate to his contentions that (1) his claims against the defendants in their official capacity are not barred by the doctrine of sovereign immunity, (2) the same facts underlying his access to the courts claims are also sufficient to state an Eighth Amendment claim against the defendants, and (3) there are sufficient facts stating claims against defendant Dunn in his supervisory capacity. (Doc. 24 at 2-4). These objections are without merit.

**II. The proposed amended complaint (Doc. 25).**

In his proposed amended complaint, Plaintiff claims that the defendants violated his "Constitutional rights and privileges protected by the US Constitution Art. IV (Privileges and Immunities Clause), Art. VI (Supremacy Clause), First Amendment (Access to Court), Fifth Amendment (Due Process), and Fourteenth

Amendment (Due Process and Equal Protection Clause)." (*Id.* at 3).[2] He presents the same facts concerning his untimely application to the Supreme Court as support for the claims. (*Id.* at 4). He also asserts that the defendants failed "to create, implement, and enforce an EMERGENCY grievance process . . . to exhaust concerning his denial of access to court and procedural due process during" the "lockdown." (*Id.* at 6-7, 8-9).

The "Supremacy Clause is not the source of any federal rights" and "does not confer a right of legal action." *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1383-84 (2015) (internal citations omitted). As such, Plaintiff's attempt to state a claim grounded in the Supremacy Clause is fruitless. It has been held that "[a]ccess to the courts . . . is grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Harbury*, 536 U.S. 403, 415 n.12 (2002). However, Plaintiff has not alleged facts to show he suffered any actual injury, and as such, he has failed to state an access to the courts claim upon which relief can be granted.

Plaintiff's assertion that the lack of an emergency grievance procedure deprived him of access to the courts or procedural due process is also meritless. The

---

[2] Plaintiff declares this court has "jurisdiction over all State Law Tort Claims associated with this Civil Action, but sets forth no discernible state law claims in the proposed amended complaint. *Id.*

5

Eleventh Circuit has plainly stated that "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure." *Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance") (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Finally, Plaintiff has alleged no facts to support a Fourteenth Amendment Equal Protection claim. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 -1319 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir.1986)). Plaintiff does not allege that any other locked-down inmate in the PC Unit was allowed access to the law library and law librarians when he was denied the opportunity, or that the defendants engaged in such behavior on the basis of race, religion or national origin.

For the foregoing reasons, Plaintiff's motion to amend the complaint (Doc. 25) is denied on the grounds of futility. See *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.")).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Magistrate Judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** this April 16, 2018.

_R. David Proctor_
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE